A quick call to the first case. Would counsel step up please? Would you state your names please? Assistant State's Attorney Paul Connery. Assistant Public Defender Eileen Paul on behalf of the Appellee. Okay. Good morning. We'll have 15 minutes a piece and then reserve time for rebuttal. Okay? Thank you, Your Honor. You may proceed. Good morning and may it please the Court. I'm Assistant State's Attorney Paul Connery on behalf of the people of the State of Illinois. I'd like to reserve five minutes for rebuttal. Okay. On June 8, 2012, Chicago Police Officer Barrera was on bicycle duty at 2000 East Hayes near 63rd Street Beach in Chicago. While on duty he observed the defendant in this case, David Holmes, leaning into the passenger side window of a parked car. And as the defendant did that, his shirt lifted up, revealing half of a revolver sticking out of his waistband. The officer approached, told the defendant to put his hands on his head, remove the revolver while drawing his own weapon, and the defendant was placed into custody. At the time of the arrest, the defendant was clearly in violation of the Class IV form of the Aggravated Unlawful Use of a Weapon statute, as the firearm was uncased, loaded, and accessible. The officer also subsequently learned that the defendant did not possess a valid firearms owner identification card. At what point in time did they make that determination? It was determined post-arrest at the police station. At the police station? Yes. That's kind of important, isn't it? Yes, that is important because the officer was not aware of that information when he placed the defendant under arrest. Of course, after the defendant's arrest, the Illinois Supreme Court overturned the Class IV form of the Aggravated UUW statute in People v. Aguilar. And subsequent to that decision, the defendant filed a motion to suppress. The trial court granted the defendant's motion, agreeing with the defendant that because the statute that was the basis of probable cause for his arrest was ad initio under Aguilar, there was no longer probable cause to arrest the defendant. However, the trial court should have denied the motion and applied the good faith exception to the exclusionary rule instead. The good faith exception is applicable in this case because the officer acted objectively reasonably. The U.S. defendant was clearly in violation of the law at the time of the incident. Neither the defendant nor the trial court ever suggested that the officer did anything wrong. Well, what did the trial court mean by that? That the officer's actions were reasonable, they were proper. And to what extent? Are they talking about the entire arrest? Are they talking about the arrest pertaining to the weapon? That's in the briefs, but what exactly is the court referring to when they said that the officer didn't do anything wrong here? That the officer acted as any well-trained police officer should based on the law of the time. Is that what's in the record? I'm not asking what your argument is. What's in the record with regards to the trial court's statement? The trial court indicated that the officer didn't do anything wrong. What was the trial court referring to at that time? That there was no misconduct and that the police officer did exactly what he should have done. That he observed someone in violation of the law and he therefore placed them under arrest properly. And all of that's in the record? Yes, that's the... The trial court discusses that both at the... And the defendant also conceded that both at the time the motion was argued and at the time the motion to reconsider was argued as well. Okay. Don't we have a chicken-egg situation here? I mean, if the weapon's out, then the FOIA charge goes out. I mean, there wouldn't be any FOIA charge if there was no weapon, correct? If the weapon is suppressed and if the evidence is suppressed in this case, then without the weapon, then there is no FOIA charge either. But the weapon shouldn't be suppressed in this case because the good faith exception should apply and there should be no exclusion here. The purpose of the exclusionary rule is to deter police misconduct. As the court and defendant recognized, there was no police misconduct and therefore there should be no exclusion. This was most recently discussed in the Supreme Court's decision in People v. Floor, which was decided in May. Although that case didn't directly deal with statutory authority, that case dealt with judicial precedent. Did the court in the floor ever indicate that Kruger was decided wrongly or there was no longer applicable? No, the court in the floor supported and if anything, it certainly reaffirmed that the holding of Kruger is absolutely good law in Illinois. And it also, in its discussion, it also discussed the fact that Kruger was limited, however, to evidence that was gathered under an unconstitutional statute so long as the statute purported to authorize an unconstitutional search and seizure. And that's not the case. So that's really the crux of today's hearing, isn't it? It is, absolutely. Why don't we get to the point, okay? How do we get around Carrera? And does Carrera decide this case? Carrera does not decide this case. Carrera was decided on what that court called narrower grounds. It didn't perform an analysis of the good faith exception. And aside from that, that legal analysis in Carrera, it's factually much different than the case that we have here because of that same distinction. The difference between a statute that is overturned for, or it's different than a statute that is overturned when that statute grants actual search and seizure authority to police officers. Wasn't the basis of Carrera that the statute was void ab initio? And isn't that the same situation we have here, that we have a statute that's void ab initio? Yes. While that is the effect of Aguilar on the Class IV form, that's not the end of the analysis here. That is, there's another step to the analysis, which is, does the good faith exception apply in this case? But that's not how Justice Freeman analyzed Carrera, okay? Justice Freeman and Carrera took the analysis in a different direction. And let's talk about Carrera for a little while, okay? Because it had to do with extraterritorial jurisdiction of police officers, right? Yes. And the statute was found to be unconstitutional because it violated the single subject provisions of the Constitution, right? Right. So it was void, void ab initio, okay? And Justice Freeman, writing for the majority, said that since it was void ab initio, that was the end of the analysis, actually. It didn't really talk about good faith. And it was actually a very short opinion. Yeah. And I think maybe we should talk about the dissent for a little while. What do you think the dissent was trying to say? What was Justice Garvin trying to say in Carrera? Well, first, the dissent. Not that people read dissents, but since it was my case, and I was on the losing end of a four-to-three decision, I read it pretty closely. And I think I know what Justice Garvin was trying to say. What do you think Justice Garvin was trying to say? Ultimately, that Justice Garvin maybe wouldn't have even gotten to the point of applying the good faith exception because the dissent would not have applied the exclusionary rule at all. Because the dissent held that there was no Fourth Amendment violation at all in that case. The dissent also did say that if the exclusionary rule were to apply, that evidence obtained following an arrest that is constitutionally valid but statutorily unlawful, that the officer's good faith reliance on the then applicable statute should permit the evidence to be admitted. And that's what we have here. Okay. So run that over to this case. So in this case, the officer arrested the defendant for clearly being in violation of the law. He relied on what was statutory valid authority, and therefore he had a good faith basis to place the defendant under arrest. Although the defendant is no longer subject to that charge, the subsequent charge still survives. And he doesn't retroactively lose probable cause. But doesn't Carrera say that basically by adding the good faith exception, what you're doing is you're resurrecting the statute, and then you're giving police officers a period of time, we call it a grace period of time, to go ahead and make arrests without authorization? Isn't that what Carrera is saying? Well, the difference between that and even in Carrera, and especially, and this is really discussed in Kruger and the dissents from Illinois v. Krull, and they use that same language, Justice O'Connor uses that same language, that it grants law enforcement a period of time when they're authorized to essentially violate citizens' Fourth Amendment rights. But both in Carrera and Krull and Kruger, all of those cases, the statute that's overturned specifically grants search and seizure authority to law enforcement. And that's not what we have in the incident case. Here, the aggravated DUW that the defendant is charged with, and that's the basis of his probable cause, it's a felony offense. It's a crime that he's committed. In Carrera, the statute that's overturned is just a statute that gives police authority. It's not even a crime that was overturned. You make that point in your briefs, that this whole theme, this walk away from lockstep by Illinois, is this idea that the Illinois legislature is not to be allowed to trample and be given a grace period on the citizenry's Fourth Amendment rights. And so we're not going to have the good faith exception for Fourth Amendment rights. For statutes that grant authority to police officers that could infringe upon the Fourth Amendment rights of the citizens. This statute infringes upon the Second Amendment rights of the citizens. Now, do we know that we're not going there? Or at least we know we haven't gone there yet. Based on the language in Kruger and the discussion of Kruger and Krull, that is the court, although not holding that specifically in a case, that is what they're getting at. The fact that departure from the lockstep doctrine, that is only applicable in instances where it's an actual Fourth Amendment issue. Where it's an actual statute that granted some sort of additional authority to law enforcement that they should not have. And that's what those cases, like the dissent in Krull and Kruger, that's what was offensive to them in those cases was the idea that the legislature could give police the authority to place people under arrest in violation of their Fourth Amendment. And Kruger specifically, that statute was completely violated. The court held that it violated the longstanding rights and the longstanding Fourth Amendment law in Illinois. So on the balancing test in terms of an individual's rights versus society's rights, which way do we go? In this case, where the statute isn't an expansion of law enforcement's search and seizure power, that tips the scale back to not a violation and an instance where we do need to apply the good faith exception in this case. And that is, that's the key difference, that's the distinction in this case. It doesn't fit into Kruger. Kruger supports the good faith exception being applied in this case. It specifically says that it's evidence, that we bar evidence that's gathered under the authority of an unconstitutional, so long as the statute purported to authorize an unconstitutional search or seizure. So long as the statute authorized that search. So if we accept the position and we say that this step away from the good faith exception only applies to expansions of police power, and that this is not one of those cases. I want to bring you back again to Justice Freeman's opinion in Carrera. How do we write it so that we don't violate the void admission issue that he raises? How do we write that? How do we get around that so I don't get burned again? Well, there are sort of two bases where this case is different from Carrera and where they don't conflict. Applying the good faith exception here and Carrera being obviously authority from the Illinois Supreme Court. And that is that, first of all, that Carrera did specifically say that they didn't apply the good faith exception. They didn't say that the good faith exception doesn't apply in this instance. The case doesn't say that. It glosses over that and says that they're going to decide the case on their grounds. That's a term from that opinion. That's true. It barely discussed it. But how does that work? Carrera's decision to determine that case on a different basis certainly doesn't mean that this exception is no longer applicable, is no longer a good law in Illinois. And the Illinois Supreme Court has said that most recently in LaFleur, which is a case from this year. It specifically said that Cougar did not imply that it would refuse to follow any further expansion or a different articulation of the good faith exception made by the Supreme Court. But LaFleur didn't have to do with an unconstitutional statute. It didn't. It had to do with judicial precedent, but it did discuss the good faith exception. Right, but it didn't have to do with an unconstitutional statute. So the void ab initio doctrine doesn't come into play. So how do I get around the void ab initio doctrine? Well, with those two bases that I discussed earlier. What was the second one? Just that this case is factually so much different than Carrera or the statute itself. The good faith exception so clearly fits this case where the statute that's overturned has nothing to do with search and seizure legislation. And that's where the right doctrine and the way that the legal precedent in Illinois absolutely is that the good faith exception applies. And this is a case where it fits perfectly, these set of facts. Is there something pending in the Supreme Court right now that involves this or would affect this in some way? I'm not aware of a case. Was it LaFleur going back to be retried? Was it LaFleur sent back to be retried? I'm not sure. I believe it is. All right. So in LaFleur, isn't the Supreme Court basically without really saying it, overturning Kruger? Aren't they basically saying we're going to follow the federal circuits, we're going to follow the U.S. Supreme Court, and we're going to be more liberal with regards to exclusionary rule? They're not saying that. What they're doing is why are they setting out all this precedent and saying, well, we have to follow all this precedent that's been set out in all the various federal circuits throughout the country, and then they also refer to the Supreme Court case in Jones. Why are they telling it all? They go page after page after page with regards to all of these cases that they cited. LaFleur lays out the way that the exclusionary rule and the good faith exception should be applied in the future. It doesn't overturn Kruger because it specifically talks about Kruger and says that it discusses the holding in Kruger, and again saying that Kruger applies in the limited circumstance under those facts, that Kruger only applies in the limited, or that the good faith exception doesn't apply as Kruger held, only in a circumstance where the statute that's overturned is one that granted law enforcement additional Fourth Amendment power and then was also overturned. And so, again, that's the difference here. That's not what we have. LaFleur clearly frames moving forward the legal precedent in such a way that Kruger is limited in that sense, and that's why the good faith exception should apply. That's why all the federalists, it specifically says all these other federal cases, as you said, all that application of Fourth Amendment law, that Illinois is still following the lockstep doctrine in every way except for the circumstances in Kruger, and those are not the circumstances here. So what's the test that we're supposed to follow here to determine whether or not LaFleur or Kruger is applicable? Well, they're both applicable, but the distinction between exclusion in Kruger and the good faith exception being applied here is it comes down to what was the statute that was overturned? Did the statute actually grant, was it a statute that specifically granted law enforcement additional search and seizure power? That's the distinction. That's ultimately the test, and there certainly is the balancing test from Kruger. This also comports with that, that in Kruger certainly exclusion under the Illinois Constitution is proper because that's a violation. That statute granted law enforcement the ability to grant law enforcement search and seizure power that is in conflict with the Constitution, but that's not what we had in the instant case. What are we supposed to do with this statute, 725.5, 114.12, 821? That statute also supports the Constitution. I'm sorry. I said the wrong, 822, which isn't even mentioned in Carrera, which is, I can't understand it. I mean, it was in effect at the time Carrera was decided, and it specifically tells us that if a statute, if a search incident to arrest is in play and it's pursuant to a statute or ordinance which is later declared unconstitutional, that's good faith. Right. And that statute was not mentioned in the decision, or it hasn't been mentioned, and that statute hasn't been struck down. So what are we supposed to do with that? The statute, as you said, it wasn't mentioned in Carrera, it wasn't discussed in Kruger. Yeah. But the statute, it does support the position that the good faith exception applies here because this case fits into the statute's definition of good faith. And it shows that, at a minimum, that the Illinois legislature considered the good faith exception, passed that as law, and that just because a statute is unconstitutional, that doesn't automatically mean that suppression is the correct outcome. I have a question regarding Carrera. So if we look at Carrera and Aguilar, Aguilar has a retrospective effect. Certainly. So at that point in time when the officer makes the arrest, right, don't we have a void ab initio statute where the officer really doesn't have the authorization to make the arrest, since it has a retrospective effect? The ab initio doctrine, it does have a retroactive effect, but that's not the end of, you know, that doesn't mean that every arrest or every legal event even tied or related to that statute that's overturned is automatically unwound. That's why the good faith exception exists, because it's just not logical to say in hindsight, well, the officer didn't have probable cause anymore. And clearly, at the time, he did. And clearly, and even if, you know, post-Aguilar, he may have approached that situation differently. And he likely would have learned that the defendant in this case was still in violation of the law, still in violation of what is today the aggravated unlawful use of a weapon statute. So the way that that doctrine is applied is that that charge is no longer valid, but that doesn't mean that every other part of that charge, every other thing related to that charge is automatically invalidated either. There has to be more analysis as to what we do with, in this case, an arrest based on that charge. Thank you. Thank you. Good morning, Your Honors. This Court should affirm the trial court suppression of evidence where the statute which formed the justification for David Holmes' arrest was unconstitutional on its face and void ab initio. One important thing about the void ab initio doctrine is that it only applies to findings of facial unconstitutionality. That is the toughest standard to meet in a constitutional challenge, and it means the statute is unconstitutional in all of its applications. Justice Palmer asked about the statute in the Code of Criminal Procedure in this case. The intent of that statute was to codify the U.S. Supreme Court decision in Leon, and it does refer to a constitutional statute. In instances where a finding of unconstitutionality is not based on a facial finding but based on unconstitutional as applied, that would trigger the statute, and that portion of it would still be consistent with Kruger and the law. What authority do you have to make that statement? What do you base that on? Just the general case law regarding facial unconstitutionality. I think it's important to note that in Illinois, that the void ab initio doctrine only applies if it's a facially unconstitutional statute, which People v. Aguilar did decide that the statute was unconstitutional on its face, so we are in that situation here. But aren't the people, isn't that what the people are arguing in their brief, that Leon actually supports their argument with regards to the good faith exception? But it's an application of the good faith exception in cases where a statute is found unconstitutional, not as applied but on its face, is inconsistent with People v. Kruger, which held that it would not comport with the Illinois Constitution. That under the Illinois Constitution, they will depart from the lockstep doctrine, and the reasons for doing that were a concern about the legislature and the need to deter the state legislature. They distinguished between the acts of an individual officer and the problem of an isolated act of negligence versus an act of the legislature, which can affect a broad class of people. They spoke about the temptation of the legislature to pass an unconstitutional law for short-term political gains, and a problem of these grace periods of impunity where a statute is pending on the books but is unconstitutional and that the rights of the citizens may suffer. And when they considered that grace period of impunity and that problem of deterring the legislature, they decided that when you're considering a facially unconstitutional statute, that the balance in Illinois, under the Illinois Constitution, is going to tip to reject the good-faith exception in those instances. Well, those are people Lafleur basically saying, we have Kruger, but now we're going to tell you exactly what to follow, and we've got precedent here in the state, why the good-faith exception should apply in these types of situations. So should we really be looking at People v. Lafleur instead of Kruger? People v. Lafleur, contrary to the state's assertions, reaffirmed Kruger with respect to unconstitutional statutes. It specifically said that the situation in Lafleur, the act of an individual officer applying judicial precedent about whether you can put a GPS device on a vehicle, that that was a situation that did not invoke any of those concerns about a grace period of improper legislation. They were very careful to say that the Leon line of cases, which is Lafleur and the Kruger, are going to coexist in Illinois, that we have both. So they reaffirmed Kruger. In no sense is that opinion departing from it when you have an unconstitutional statute, a statute unconstitutional on its face. And I addressed some of the states. You said we're worried about the legislature. You said the Illinois courts are worried about the legislature. Yes. What is it that we're so worried about? Them passing unconstitutional laws. Well, what kind of unconstitutional laws? The state's position is that this exception to the exception, this exception to the good faith exception, should be limited to legislation that infringes upon the Fourth Amendment rights of the people. As Your Honor pointed out, there was the opinion expressed in the dissent by Justice Garmon in the Carrera case. Obviously that was not accepted by the majority. Well, the majority didn't discuss that. The majority just talked about the void amnesty. But throughout the cases, throughout all these cases that we've been discussing, they talk about the search and seizure legislation that comes out of the Illinois legislature. And what the state is saying here is that the idea is that when Illinois walked away from the good faith exception, they were saying Illinois's legislature is too quick to expand police power when it comes to Fourth Amendment rights. Do you disagree with that? And that's what we should be limiting this exception to the exception. The opinion in Carrera, although mostly discussed void amnesia, does specifically state that they find application of the good faith exception would be inconsistent with both the void amnesia doctrine and the single subject rule. They clearly viewed the other protections of the Illinois Constitution Here's what Justice Bolandek said in People v. Carlson. We then set forth the central basis for our rejection of Crowell's extended good faith exception. We are not willing to recognize an exception to our state exclusionary rule that will provide a grace period for unconstitutional search and seizure legislation, during which time our citizens' constitutional rights can be violated with impunity. That's what Justice Bolandek says is the central basis for the rejection of our state exclusionary rule. But as we point out in our brief, in Carrera, they applied it to a single subject rule violation and the third district department. What Carrera had to do was whether or not the police could exercise their police powers outside of their territories. But we have the void amnesia doctrine in Illinois. Yeah, we do. We do. Again, that is designed to deter the legislature. It has been applied in Carrera to a single subject rule in validation of the statute. The third district appellate court has decided that it would apply to a void for vagueness First Amendment. That in Illinois, we do not follow the federal court. It is not only about that. Again, it has to be a facial unconstitutionality. It has to be a statute which is unconstitutional in all of its applications. It criminalizes conduct that simply cannot be criminal. In those instances, Illinois has recognized that we will reject the good faith exception to the exclusionary rule and we will apply the exclusionary rule and the void amnesia for the protection of our citizens. And none of the case law indicates any desire to back off of that. The state only cites dissenting opinions. The exclusionary rule is furthered by applying the exclusionary rule in this case in a situation where for probably decades the Illinois Intermediate Courts have upheld this legislation and the police have relied on the Intermediate Courts' decisions saying that the UW statute was constitutional. What goal of the exclusionary rule is furthered there? The goal here is to send the message to the legislature that they don't have an incentive to pass unconstitutional legislation. Well, you think the legislature knew that the Second Amendment was going to ultimately be? Did anybody know that the federal courts were going to last year come up with the Moore v. Illinois? You think that they knew that? That our legislature knew that? Your Honor, when law is unconstitutional, it is unconstitutional from its inception. You're saying that the legislature just knew that? Well, in 2008, the U.S. Supreme Court ruled in the Howard case. And at the time that David Holmes was arrested here for possession of a weapon, at the very same time in 2012, the Seventh Circuit is noting that Illinois is the last state in the nation to still have had a concealed carry law on the books. Every other state legislature had amended their statutes so that a person would not get arrested under the circumstances under which David Holmes was arrested. In this particular case, it is clear the Illinois legislature did not act promptly. As we cite in our briefs, there was all the federal court litigation and the request for stays of the mandate to keep running out the clock on amending the legislation. And the facts here clearly demonstrate that risk to the citizens' rights when you have a legislature that will not comport with the Constitution and do the right thing. And that can be a serious problem. And that's exactly the problem that was highlighted in Kruger and they relied on Justice O'Connor's dissent in the Supreme Court in Illinois v. Crowell, you know, the extensive discussion of this very problem. And again, this is only cases of facial unconstitutionality that under the Illinois Constitution, that balance tips against the good faith exception. And the state has presented no reason here for this court to depart from that long line of precedent which says in Illinois, we are going to have a more expansive exclusionary rule than the federal system and we are going to be more limited in our application of the good faith exception. What about the argument that this isn't really a Fourth Amendment violation but is more a Second Amendment? Again, People v. Carrara said we are not going to distinguish based on whether it's a Fourth Amendment or a single subject violation. They also said we're not going to make a distinction whether it's a substantive constitutional right or a procedural rule. The important thing is that every provision of the Constitution advances an important purpose such as the single subject rule, you know, orderly process in the legislature. And under our Constitution, we are going to apply it to all of those. Again, only the facial unconstitutionality. So they have rejected that and the third district, as I said, has applied it to a First Amendment case. So it is not limited in Illinois to simply a Fourth Amendment invalidation of a statute. All right, getting back to your argument about influencing or affecting the legislation, this exclusionary rule was a doctrine that was established and created by the U.S. Supreme Court. And the court in many of its cases indicated that it was to deter unlawful conduct by police officers. In those longer cases that have come out from the outset of the establishment of the exclusionary rule, where does the court say that we're also supposed to look at influencing state legislatures? I think in People v. Kruger, they talked about that Illinois had a history. They talked about the U.S. Supreme Court established this rule. In People v. Kruger, they pointed out that the history in Illinois was that they had recognized the exclusionary rule as a matter of state law long before the federal courts actually came around to it. So that was part of the reason why they said just that long history in Illinois of having experienced and adopted an exclusionary rule before the federal system came around to it was part of the reason why they decided to depart from the lockstep. So there is that history there in Illinois of having a different take on it. All right, Counsel, I was just going to say, I mean, I've been listening to this, and Phoebe might have heard about this case. Your position, if I'm correct, is that if the statute is facially unconstitutional, it's void, ab initio, whether it's a First Amendment, a Second Amendment, a Fourth Amendment, and there is no good faith exception. That would be the law. The law is under the Illinois Supreme Court precedence that, again, it's unconstitutional in all of its applications. It's as if it never was, and it simply will not be applied. And, again, that's the toughest constitutional standard to meet in a challenge. So, you know, it really is saying when it is something that is so obviously unconstitutional, it affects a broad class of people, it criminalizes conduct that should never be criminalized, in those instances, regardless of the amendment under which it is held unconstitutional, we will enforce a void ab initio doctrine. Oh, and I know Judge Palm asked you earlier, and I just wanted to ask, is there a case, because I think you said even though the criminal code says that there is an exception, a good faith exception, that that would only apply to cases where there is not a facial unconstitutionality. I'm not aware if there's a specific case that has said that. To interpret that statute in accordance with the case law, that would be consistent because they have only held void ab initio for facial unconstitutionality. Obviously, there could be other forms of unconstitutionality, which would still be subject to the Leon line of cases in that statute. What about the argument at the hearing on the motion to suppress? The trial court said that the officer didn't do anything wrong here, and I believe even trial counsel for the defendant indicated that the officer didn't do anything wrong here. That's not the issue, I'm so sorry. Well, it came up, I don't think there's any dispute here that those provisions of the statute were in effect, and it was illegal at the time. It was an unconstitutional, facially unconstitutional statute. He didn't do anything wrong in that he followed the law. The law was wrong. He wasn't wrong. Precisely. The law was wrong. The officer did his job, but it was the law that was wrong. And I don't know what that was going to be, that in Lafleur, the court indicated that the exclusionary rule should only be applied in those unusual cases, those unusual circumstances. Here, since the court itself and opposing counsel indicated that he didn't do anything wrong, is this an unusual circumstance? Is this an unusual case that the court is addressing in Lafleur? Lafleur involved in all of this. No, Lafleur involved. My question is, is this one of those unusual cases or circumstances that the Supreme Court is addressing in Lafleur? This is not a case where an officer was relying on binding appellate precedent, which set forth the constitutional norm. He was actually relying upon a statute itself. That is why this is in the Kruger line of cases and not in Lafleur. So what does the deterrent have then? The exclusionary rule is a deterrent, and this particular officer didn't do anything wrong. Why is it a deterrent? The deterrent is for the legislature. And again, Illinois has recognized a broader deterrence than the federal courts. So is it this court's responsibility to deter the legislature? Is that how we're supposed to draft this? Is the word deterring the legislature here? Well, that is the rationale given in People v. Kruger for not applying the good faith exception in instances of a facially unconstitutional statute. That is part of the balancing test here, is to consider whether the legislature would have an incentive to pass unconstitutional laws. And by applying the void admonition doctrine, by not recognizing the good faith exception for facially unconstitutional statutes, you remove that incentive from the legislature. And that is the reason why they said the balance was tipped. And the facts of this case show no reason for this court to strike any other balance than was already struck in Kruger, in Carrara, in the other cases. And that, again, to uphold the rights of our citizens in Illinois, and under our Constitution, that balance is different, and the state has not suggested anything here that this court should depart from that long-settled law. And unless the Justices have any other questions, we would just ask that the trial court's ruling be affirmed. Thank you. Thank you, Your Honor. First, I would just note that in response to Justice Palmer's question about the Supreme Court case, people who defend is before the Supreme Court, and the Supreme Court is deciding whether a prior conviction for a category of UW could be an element of a subsequent offense, whether that undoes the subsequent offense. That is certainly tied here in the sense that we're talking about the effect of the admonition of doctrine. But this case, it really comes down to the fact that the statute that's overturned here, it's not search and seizure legislation. That's the key distinction with Carrara. That's the reason that in terms of the balancing test discussed in the case. What I have in issue is a legal fiction, right? Yes, absolutely. It's just a fantasy. Right. But it's what we're stuck with. I mean, it is part of Illinois' jurisprudence, but it's not part of the jurisprudence across the nation. As we know from all the litigation that's floating around about, well, that's the underpinning of the McFadden case. Right. So we'll see how that turns out. But even though that doctrine does exist, it's not in conflict with the good faith exception. And Carrara does not say that admonitio trumps the good faith exception. That's not the holding of that case either. Ultimately, good faith exception is about the fact that the deterrent here is for law enforcement. The reason that the exclusionary rule exists is to deter law enforcement from misconduct. Here, that goal is not met at all. The trial court specifically said that the officer did nothing wrong, and that's what he meant, that there was no misconduct at all. And that doctrine, that's from both the United States Supreme Court, and that is from even reaffirmed in LaFleur. That's specifically what LaFleur said, that, as Justice Reyes said, the application of the exclusionary rule is restricted to unusual cases where it achieves its sole objective of deterring Fourth Amendment violations. And here, there was no such violation. Exclusion here would serve no purpose. It's only involved where police conduct is sufficiently deliberate that deterrence is effective and sufficiently culpable that deterrence outweighs the cost of suppression. And here, that is not the case. The good faith exception should be applied here. The legislation is not regarding search and seizures. It's not offensive to the Fourth Amendment. It's not, and suppression doesn't deter any misconduct on behalf of law enforcement either. Thank you. I want to thank both colleges for a very well-argued matter, and we'll take it under advisement. Court is in recess.